**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                       No.     CR 10-1541 JAP

VERDIE CHAVEZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

On November 9, 2010 Defendant Verdie Chavez filed an Opposed Motion to Dismiss Count 1 of Superceding Indictment (Motion to Dismiss) (Doc. No. 36).  In her Motion to Dismiss, Chavez argues that Count One, second degree murder, should be dismissed because the circumstances of the vehicle collision in which the alleged victim was killed do not meet the "unique circumstances" required for a charge of second degree murder.  On November 16, 2010 the United States filed its Response to Defendant's Opposed Motion to Dismiss Count 1 of Superceding Indictment (Doc. No. 38) and, also on November 16, 2010, Chavez filed her Reply (Doc. No. 39).  On November 18, 2010 the Government filed a Motion to Supplement (Doc. No. 43) its Response, requesting that an exhibit that was inadvertently omitted from its Response be joined to the Response.  Defendant did not oppose the Government's Motion to Supplement. Having considered the parties briefs and the applicable law, the Court concludes that Chavez's Motion to Dismiss should be denied and that the Government's Motion to Supplement should be granted.

**BACKGROUND**

On May 26, 2010, Chavez was indicted on one count of involuntary manslaughter. (Doc. No. 1). According to the indictment, Chavez unlawfully killed another individual while driving under the influence of alcohol. On September 29, 2010, the grand jury returned a Superseding Indictment (Doc. No. 23) charging Chavez with one count of second degree murder, one count of involuntary manslaughter, and one count of assault resulting in serious bodily injury stemming from the same vehicle collision. The case is currently set for a jury trial on March 7, 2011.

## DISCUSSION

Chavez asserts that the Government will be unable to prove the "unique circumstances" necessary to sustain a second degree murder charge at trial and that the second degree murder charge should therefore be dismissed. In order to convict Chavez of second degree murder, the Government must prove, among other things, that Chavez acted with malice aforethought. *United States v. Tan*, 254 F.3d 1204, 1207 (10th Cir. 2001). To do so, the Government must "show that [d]efendant engaged in 'conduct which is reckless and wanton, and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." *Id.* (citing *United States v. Wood*, 207 F.3d 1222, 1228 (10th Cir. 2000). In other words, "the government must show that [d]efendant knew that [her] conduct posed a serious risk of death or harm to [her]self or others, but did not care." *Id.*

In support of her argument that the Government will be unable to meet its burden at trial, Chavez relies exclusively on *United States v. Tan*, a case where the Tenth Circuit permitted the government to introduce evidence of a defendant's multiple prior DWI convictions in order to demonstrate that the defendant acted with malice aforethought when he killed two people while

driving drunk. 254 F.3d at 1210.  In concluding that the evidence was admissible, the Tenth Circuit Court of Appeals noted that "[a] jury could infer from [d]efendant's prior drunk driving convictions that he is especially aware of the problems and risks associated with drunk driving" and that "[f]rom the number of convictions, the jury could infer that [d]efendant does not care about the risk he poses to himself and others since he continues to drink and drive."  *Id*. The Court explained that "[s]uch evidence is highly probative of malice." *Id*. at 1211.

Chavez distinguishes the circumstances of her alleged crime from the circumstances present in *Tan* and contends that because the circumstances of her case are unlike *Tan*, the Government cannot prove that she acted with malice aforethought.  Chavez notes that she only has one prior conviction for driving while intoxicated and that her blood alcohol level was only 0.10 g/100ml, while the defendant in *Tan* had been convicted seven times of DWI and had a blood alcohol level of 0.29 following the fatal collision.  In addition, Chavez contends that her case is distinguishable from *Tan* because Chavez was punched in the face just prior to the collision and the alleged victim died hours after the collision, not instantly like the victim in *Tan*. In arguing that *Tan* only permits a drunk driver to be charged with second degree murder when the driver had a very high blood alcohol content and has had multiple prior DWI convictions, Chavez miscontrues the holding in *Tan* for two reasons.  First, *Tan* focused only on the defendant's prior DWI convictions.  The Tenth Circuit did not address the defendant's blood alcohol level nor did it address the circumstances of the crash or the nature of the victim's death when concluding that prior DWI evidence was admissible. Thus, those factors are irrelevant to any analysis of whether the rule set out in *Tan* is applicable in this case.

Second, and more importantly, *Tan* did not, as Chavez argues, only permit second degree murder charges to be brought when a defendant has had multiple prior DWI's.  Rather, *Tan* dealt

solely with an evidentiary issue and stands for the very limited proposition that prior DWI's are admissible for the purpose of proving the malice aforethought element of a second degree murder charge. That prior DWI's are admissible for that purpose does not, however, mean that malice aforethought cannot be proven by other means. In fact, the Tenth Circuit noted that the prior DWI evidence in *Tan* had a high probative value "[b]ecause [d]efendant did not commit conduct on the day of the accident from which malice can be readily inferred" and there was therefore "no evidence . . . from which [d]efendant's malice can be readily inferred other than his numerous prior drunk driving convictions." *Id.* at 1209, 1212. Thus, not only did *Tan* not bar second degree murder charges in any drunk driving related accident where the defendant has only one prior DWI, but *Tan* recognized that the malice aforethought element of the crime *can* be proven by other means.

Here, unlike in *Tan*, there is evidence independent from Chavez's prior DWI conviction from which the jury could infer that Chavez acted with malice aforethought. The Government provided the Court with a copy of an FBI agent's report of an interview conducted with the nurse who examined Chavez shortly after the collision. According to the nurse, Chavez stated that Chavez's boyfriend, Jefferson Jim, had double dared Chavez to hit an oncoming vehicle. Chavez told the nurse that she swerved into oncoming traffic and that when she tried to move back into the correct lane, Jim grabbed the wheel and made her stay in the lane until she hit the other car. When the nurse asked Chavez "what if you killed someone," Chavez replied that it would not have been her fault because she was not the one who made the double dare.

The nurse's testimony regarding what Chavez said following the collision is sufficient for a jury to find that Chavez acted with malice aforethought. Specifically, the jury can easily infer from Chavez's statement that when she swerved into oncoming traffic she was aware of a

serious risk of death or serious bodily harm and that she acted recklessly or wantonly. Further, Chavez's statement that she felt she was not at fault because she acted on a double dare demonstrates that she did not care that her conduct posed a serious risk of death to herself or others. That Jim may have grabbed the wheel to prevent Chavez from returning to the correct lane has no bearing on whether Chavez acted with malice aforethought when she initially swerved into oncoming traffic.

Because there is independent evidence that Chavez acted with malice aforethought, it is irrelevant that Chavez had fewer DWI's than the defendant in *Tan*. While a prior DWI arrest is one way of proving malice aforethought, it is certainly not the only way. Testimony that Chavez intentionally swerved into oncoming traffic after she was double dared to do so would be sufficient to satisfy the malice aforethought requirement of second degree murder. The Court therefore concludes that Chavez's Motion to Dismiss should be denied. The Court also wishes to make clear that the admissibility of evidence that Chavez had a prior DWI conviction is not currently before the Court and that this Memorandum Opinion and Order therefore has no bearing on whether such evidence is admissible at trial.

IT IS ORDERED THAT Defendant Verdie Chavez's Motion to Dismiss Count 1 of Superceding Indictment (Doc. No. 36) is DENIED. The Government's Motion to Supplement its Response (Doc. No. 43) is GRANTED.

_____
SENIOR UNITED STATES DISTRICT JUDGE